Artyom OGANESOV, et al., Petitioners

v.

Eric H. HOLDER, Jr., Attorney

General,* Respondent.

No. 05-71258.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2009.

Filed March 13, 2009.

Alan Michael Anzarouth, San Diego, CA, for Petitioners.

CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James Eugene Grimes, Senior Litigation Counsel, Margaret Anne O'Donnell, Trial, OIL, U.S. Department of Justice, Margaret Anne O'Donnell, Trial, U.S. DOJ–Office of Enforcement Operations, Washington, DC, for Respondent.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Lead petitioner Artyom Oganesov, a citizen of Armenia, seeks review of the Board

---

\* Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States. Fed R.App. P. 43(c)(2).

\** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

\*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeal's order affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We ask whether the IJ's conclusions were supported by substantial evidence or whether the record compels a different result. *Balam–Chuc v. Mukasey,* 547 F.3d 1044, 1048 (9th Cir.2008).

 To merit asylum relief, Oganesov has to show that he is a "refugee." 8 U.S.C. § 1158(b)(1). "A refugee is one who is 'unable or unwilling to avail himself or herself of the protection of [his or her native] country because of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " *Karapetyan v. Mukasey,* 543 F.3d 1118, 1125 (9th Cir.2008) (quoting 8 U.S.C. § 1101(a)(42)(A)). The IJ found that Oganesov was not persecuted on account of a protected ground. Oganesov disagrees, arguing that he was persecuted because he is an Azerbaijan-born ethnic Armenian. For support, Oganesov points to an ethnic slur uttered during a physical confrontation between his son and a military officer. *See Gafoor v. INS,* 231 F.3d 645, 650–52 (9th Cir.2000).[1] However, Oganesov also admitted that all Armenians who seek to avoid conscription, not just refugees from Azerbaijan, were subject to the same mistreatment and extortion. As such, the record does not compel us to overturn the IJ's finding.

Oganesov also seeks withholding of removal and CAT relief. The former fails on the same grounds as the asylum claim. *See Hanna v. Keisler,* 506 F.3d 933, 939–40 (9th Cir.2007) ("To qualify for withholding of removal, [a petitioner] must show that it is more likely than not that his life or freedom would be threatened

... on account of his race, religion, nationality, membership in a particular social group, or political opinion."). As to the latter, the argument was not developed and is forfeited. *See* Fed. R.App. P. 28(a)(9)(A); *Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005) (failure to specifically raise CAT claim on appeal resulted in waiver).

**PETITION DENIED.**

---

1. The mixed motive analysis employed in *Gafoor* has been superseded by statute. *See Parussimova v. Mukasey,* 533 F.3d 1128, 1133– 36 (9th Cir.2008). Nevertheless, this case was filed prior to the REAL ID Act, and thus the prior case law applies.